IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George England Simmons, | ) | Civil Action No. 4:09-70021 |
| | ) | Criminal No. 4:06-1227 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by George England Simmons ("petitioner").

On February 28, 2007, the petitioner was charged with twenty-two counts of criminal conduct in Superseding Indictment 4:06-1227. On June 4, 2007, the petitioner plead guilty to Count 1, Count 3, and Count 22 of the indictment. (Doc. #66). Count 1 charged the petitioner with conspiracy to commit mail fraud and to commit theft from an organization receiving federal funds in violation of 18 U.S.C. §§ 1341, 1346, and 731; Count 2 charged the petitioner with mail fraud in violation of 18 U.S.C. §§ 1341 and 1346; and Count 22 charged the petitioner with engaging in monetary transactions in property derived from specified unlawful activity, commonly known as money laundering, in violation of 18 U.S.C. § 1957(a). On March 19, 2008, the petitioner was sentenced to 51 months as to each count, to run concurrently, for a total aggregate sentence of 51 months of imprisonment to be followed by a three year term of supervised release. Judgment was entered in the petitioner's case on April 8, 2008. (Doc. #91).

The petitioner timely filed an appeal of his conviction with the Fourth Circuit Court of

Appeals. On October 21, 2008, the Fourth Circuit issued an order granting the Government's motion to dismiss the appeal. United States v. George England Simmons, No. 08-4386 (4th Cir. 2008) (unpublished). The Fourth Circuit issued its mandate on November 12, 2008. (Doc. #107).

The petitioner filed the present motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on February 25, 2009, raising one ground for relief. (Doc. #108). The United States of America ("Government") filed its response to the petitioner's motion to vacate under 28 U.S.C. § 2255 and motion for summary judgment on March 24, 2009. (Docs. #109, #110). The petitioner filed a reply to the Government's response on April 6, 2009. (Doc. #111). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order dated April 29, 2009 that he had thirty-four days to file any material in opposition to the Government's motion for summary judgment. (Doc. #112). The petitioner then supplemented the record with an affidavit on May 26, 2009. (Doc. #114). This matter is ready for disposition.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

2

in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## BACKGROUND

The petitioner has filed his motion to vacate pursuant to 28 U.S.C. § 2255 raising the following claim (set forth verbatim):

1. The Government breached it's agreement with Mr. Simmons under the term of the plea agreement.

## STANDARD OF REVIEW

In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed R. Civ. P. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

### **GROUND ONE**

In his first ground for relief, the petitioner asserts that the Government breached the written plea agreement with the petitioner by asserting that the petitioner's base offense level should be calculated using the United States Sentencing Guideline provision applicable to crimes involving fraud depriving the intangible right to honest services of public officials rather than the lower base offense level set forth in the guideline provision involving larceny, embezzlement, fraud and deceit. More specifically, the petitioner asserts that the government breached the plea agreement by

contending that the petitioner's base offense level should be a level 14 according to U.S.S.G. § 2C1.1(a)(1) rather than a level 7 or a level 6 according to U.S.S.G. § 2B1.1(a)(1) - (a)(2). In his response to the Government's motion for summary judgment, the petitioner clarifies that this claim is a claim for prosecutorial misconduct. (Petr's. Resp. at p. 2, Doc. #111).

To succeed on a claim of prosecutorial misconduct, the petitioner must show that (1) the Government's conduct was in fact improper, and (2) such conduct prejudiced the petitioner to such an extent as to deprive him of a fair trial. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007). In assessing whether and to what degree the petitioner has suffered prejudice, relevant factors for this Court include: the degree to which the Government's conduct misled the jury and prejudiced the petitioner; whether the Government's conduct was isolated or extensive; the strength of proof introduced by the Government to establish the petitioner's guilt absent the allegedly prejudicial conduct; and whether the conduct or remarks were "deliberately placed before the jury" to divert attention. United States v. Chorman, 910 F.2d 102, 113 (4th Cir. 1990).

The record indicates that the United States probation office initially prepared the Presentence Investigative Report ("PSR") using the base offense levels set forth at U.S.S.G. § 2B1.1. After the filing of written objections by the Government, the United States Probation Office amended the PSR to note that the base offense level was to be calculated using the higher base offense level set forth at U.S.S.G. § 2C1. The petitioner's attorney filed an objection to the amended PSR, contending that it was error to apply the higher base offense level set forth at U.S.S.G. § 2C1.1. The petitioner's attorney pursued this objection at the sentencing hearing. Following a detailed legal argument by both parties and after a thorough review of the cited cases, the Court overruled the petitioner's objection and applied the base offense level set forth at U.S.S.G. § 2C1.1. (Sentencing Trans. at pp.

17:14-22:24). In his affidavit, the petitioner asserts that the Government "agreed that under the plea that any enhancement or adjustment will be up to the Court," and that he was "informed of the terms in my plea that [the Government] will not raise objections that they only retains [sic] the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense only, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the Presentence report, to respond to and statements made by the Court by or on behalf of me and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea . . . [h]owever, the government breached these terms of the agreement when at my sentencing hearing they raised objections." (Petr's Aff. at ¶ 2, Doc. #114).

The Court notes that the written plea agreement entered into in this case made no reference to any specific base offense level. The written plea agreement also contained no waiver by the Government of the ability to raise objections to the PSR. The written plea agreement specifically noted that the defendant was pleading guilty to Counts 1, 3, and 22 of the pending indictment. (Plea Ag. at ¶ 1). The plea agreement further stated that:

> The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

6

> . . .
> The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the Court at sentencing by a preponderance of the evidence standard and the Court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

(Plea Ag. at ¶ 4, ¶ 5).

Finally, the written plea agreement contained a merger provision noting that the written plea agreement contained the entire agreement of the parties and superseded all prior promises, representations and statements of the parties. (Plea Ag. at ¶ 17).

A full review of the record in this case indicates that the petitioner is not entitled to relief. The Government did not breach the express terms of the written plea agreement by filing objections to the PSR, nor by responding to the petitioner's objections to the PSR. The written plea agreement contained no agreement as to the base offense level to be applied in this case, nor any agreement that the Government would recommend a specific sentence to the Court. Rather, the written plea agreement set forth the charges to which the defendant was pleading guilty, and specifically noted that the petitioner's sentence was to be determined by the Court. Following a hearing addressing the merits of the petitioner's objections, the Court properly imposed a sentence for the specific offenses to which the petitioner plead guilty. Thus, the petitioner's assertions are not supported by the record in this case. Finally, as the Court has concluded that the Government did not breach the written plea agreement in this case, the Court finds that the petitioner has not met his burden of showing prosecutorial misconduct. For these reasons, the petitioner's claim for relief is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. #108), is **DENIED**; and the Government's motion for summary judgment is **GRANTED**. (Doc. #110).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>
United States District Judge

March 31, 2010
Florence, South Carolina